AB:GN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - X

UNITED STATES OF AMERICA

- against -

PHILIP ANTHONY HOOPER

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - X

REMOVAL TO THE
SOUTHERN DISTRICT OF
TEXAS_____

(Fed R. Crim. P. 5)

No. 19-873M

EASTERN DISTRICT OF NEW YORK, SS:

          Dionyeus Britt, being duly sworn, deposes and states that he is a Deputy U.S. Marshal with the United States Marshals Service for the Eastern District of New York ("USMS"), duly appointed according to law and acting as such.

          On or about September 27, 2019, an arrest warrant was issued by the Southern District of Texas, commanding the arrest of the defendant PHILIP ANTHONY HOOPER, for failing to appear in court for his sentencing.

          The source of your deponent's information and the grounds for his belief are as follows:

          1.      On or about April 4, 2019, the United States Attorney Office in the Southern District of Texas filed an Information against defendant PHILIP ANTHONY HOOPER for theft of government money greater than $1,000 in violation of Title 18, United States Code Section 641.  A true and correct copy of the Information is attached hereto as Exhibit A.

2.      On or about April 26, 2019, defendant PHILIP ANTHONY HOOPER pled guilty to the charges in the Information.  A true and correct copy of the plea agreement is attached hereto as Exhibit B.

3.      On or about September 27, 2019, an arrest warrant was issued by the Southern District of Texas, commanding the arrest of the defendant PHILIP ANTHONY HOOPER after he failed to appear in court for his sentencing.  A true and correct copy of the arrest warrant is attached hereto as Exhibit C.  Instead, the defendant PHILIP ANTHONY HOOPER fled on a Carnival Cruise ship.

4.      On or about September 29, 2019, USMS received notification that defendant PHILIP ANTHONY HOOPER was traveling on a Carnival Cruise ship that was scheduled to arrive at 6:30 a.m. at the Brooklyn Terminal located at 72 Bowne St, Brooklyn, NY 11231 (the "Subject Premises").  Marshals from the USMS for the Eastern District of New York went to the Subject Premises to execute the arrest warrant, and positively identified defendant PHILIP ANTHONY HOOPER based on a known photograph of the defendant.  Defendant PHILIP ANTHONY HOOPER also provided USMS with his name, date of birth, and social security number, which are consistent with that of the individual wanted in the Southern District of Texas.

WHEREFORE, your deponent respectfully requests that the defendant,

PHILIP ANTHONY HOOPER, be removed to the Southern District of Texas so that he may

be dealt with according to law.

S/ Dionyeus Britt
_____
Dionyeus Britt
Deputy U.S. Marshal
United States Marshals Service

Sworn to before me this

30 th
_____ day of September, 2019

S/ Peggy Kuo
_____
THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

APR 0 4 2019

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. **19 CR 233** |
| | § | |
| v. | § | |
| | § | Count 1: Theft of Public Money, |
| PHILIP ANTHONY HOOPER, | § | 18 U.S.C. § 641 |
| Defendant | § | |
| | § | |
| | § | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE
### Theft of Public Money Greater than $1,000
### (18 U.S.C. § 641)

From in or around March 2016, and continuously through in and around June 2018, within the Southern District of Texas,

### PHILIP ANTHONY HOOPER,

defendant herein, did steal, purloin, and knowingly convert to his own use and the use of another, money of the United States, namely, approximately $33,377 in monthly Social Security benefits directed to Bernice Hooper, defendant's mother, who passed away in February 2016, which funds defendant was not entitled to receive.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF CRIMINAL FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

### PHILIP ANTHONY HOOPER,

that in the event of conviction of the offense charged in this Information, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Money Judgment and Substitute Assets

The United States may seek imposition of a money judgment against the defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture.

RYAN K. PATRICK
United States Attorney

By: _____
Benjamin C. Sandel
Special Assistant United States Attorney

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

BY DEPUTY                    CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.   4:19-CR-00233 |
| | § | |
| PHILIP ANTHONY HOOPER, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Benjamin C. Sandel, Special Assistant United States Attorney, and the defendant, Philip Anthony Hooper ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Count One of the Information.   Count One charges Defendant with Theft of Government Money Greater than $1,000, in violation of Title 18, United States Code, Section 641.   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.   The **statutory** maximum penalty for violation of Title 18, United States Code, Section 641, is imprisonment of not more than ten years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.   *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised

release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal and Collateral Review**

5.  Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.  Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.  In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.  In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.

3

Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8. The United States agrees to each of the following:

(a)  If Defendant pleads guilty to Count One of the Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will agree not to object to a recommendation by the defense for a sentence of probation;

(b)  If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern

4

District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to

5

the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

12.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)      At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

13.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Information.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

At the time of her death on February 27, 2016, Bernice Hooper was receiving Social Security benefits based on the earnings record of her deceased spouse, Harold Hooper.

6

The Social Security Administration (SSA) was not aware of her death and continued to disperse Mrs. Hooper's monthly benefits via electronic transfer into a Wells Fargo bank account held jointly by Mrs. Hooper and her son, Philip Anthony Hooper, the defendant.

After Mrs. Hooper's death, the defendant, a resident of Houston, Texas, within the Southern District of Texas, regularly transferred Mrs. Hooper's monthly benefits, most often on the same day SSA deposited the money, from the jointly held account into a separate Wells Fargo bank account held in his name alone. He would then spend the money on himself and others. From March 2016 until SSA became aware of Mrs. Hooper's death via audit in June 2018, the defendant stole $33,377 from the Social Security Administration, money belonging to the United States.

### Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets

7

over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

16.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

19.   Defendant agrees to pay full restitution to the victim(s) regardless of the count of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s)

incurred a monetary loss of at least $33,377. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court. Defendant understands that nothing in this Plea Agreement limits the authority of any government agency to recover any overpayment as otherwise authorized by law, including an offset against Defendant's future benefits.

### Forfeiture

20. Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

21. Defendant stipulates and agrees that Defendant obtained at least $33,377 from the criminal offenses and that the factual basis for her guilty plea supports the forfeiture of $33,377. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $33,377. Defendant agrees to the imposition of a personal money judgment in that amount.

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.    Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.    Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.    Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

26.    This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.    No promises or representations have been made by the United States except as set forth in writing in this plea agreement.    Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _April 26_, 20_19_

_____
Defendant

Subscribed and sworn to before me on _April 26_, 20_19_

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____          _____
Benjamin C. Sandel                                            Randy L. Wooten
Special Assistant United States Attorney       Attorney for Defendant
Southern District of Texas
Telephone: (713) 567-9726

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO.   4:19-CR-00233 |
| | § | |
| PHILIP ANTHONY HOOPER, | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.  I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Randy L. Wooten
Attorney for Defendant

_____
4.26.19
Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me.  My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual

which may apply in my case.   I have read and carefully reviewed every part of this plea agreement

with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          _____
Defendant                                         Date

13

**EXHIBIT C**

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

UNITED STATES DISTRICT MARSHAL

2019 SEP 27  PM 12: 16

SOUTHERN DIST. S/TX

United States of America
v.
Philip Anthony Hooper

*Defendant*

)
)
)        Case No.   4:19-cr-233
)
)

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     Philip Anthony Hooper

who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment          ❒ Superseding Indictment      ❒ Information      ❒ Superseding Information      ❒ Complaint
❒ Probation Violation Petition      ❒ Supervised Release Violation Petition      ❒ Violation Notice   ☑ Order of the Court

This offense is briefly described as follows:

Violation of bond. Defendant did not appear to sentencing hearing on 09/27/2019.

Special Instructions: Contact Deputy Ramin.

Date:   09/27/2019

*issuing officer's signature*

City and state:   Houston, TX

M. Flores, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*                , and the person was arrested on *(date)* |
| at *(city and state)* |
| Date: |
| *Arresting officer's signature* |
| *Printed name and title* |